UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JAMES W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Acting Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 1:20-cv-00013-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff James W.[1] filed this action asking the court to remand the Acting Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1385. (*See* Pl.'s Opening Br. 1, Doc. No. 27.) The Administrative Law Judge ("ALJ") determined Mr. W. did not qualify as disabled. (Certified Tr. of Admin. R. (hereafter "Tr. \_\_") 31, Doc. Nos. 8–14.) After careful review of the entire record and the parties' briefs,[2] the court[3] AFFIRMS the Commissioner's decision.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court will refer to the Plaintiff by his first name and last initial only.

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes it does not need oral argument and will determine the appeal on the basis of the written memoranda.

[3] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 19.)

1

## **STANDARD OF REVIEW**

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of a final decision of the Commissioner of the Social Security Administration. This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

The ALJ's factual findings will stand if supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)). Rather than mechanically accepting the ALJ's findings, the court will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991)).

In addition, the court reviews whether the ALJ applied the correct legal standards. The court may reverse where the ALJ fails to do so. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) ("[T]he failure to apply proper legal standards may, under the appropriate

circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis."); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."). Grounds for reversal also arise where the ALJ fails "to provide this court with a sufficient basis to determine that appropriate legal principals have been followed." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation omitted).

## **APPLICABLE LAW**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Social Security Act, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-step sequential evaluation. The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;
2) The claimant has a medically severe physical or mental impairment;
3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;

  4) The claimant possesses a residual functional capacity to perform his or her past work; and

  5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

## PROCEDURAL HISTORY

Mr. W. filed an application for disability insurance benefits and supplemental security income in December 2016, alleging disability beginning in October 2016 due to seizures, pancreatitis, depression, anxiety, and other conditions. (Tr. 251–64, 299.) After an administrative hearing (Tr. 37–63), the ALJ issued an unfavorable decision on February 7, 2019, determining Mr. W. was not disabled (Tr. 13–36). At step two of the sequential evaluation, the ALJ found Mr. W. had the severe impairments of cervical degenerative disc disease, seizure disorder, and central pontine myelinolysis—a neurological disorder. (Tr. 19.) At step three, the ALJ found Mr. W's impairments did not meet or medically equal a listing, specifically considering Mr. W.'s central pontine myelinolysis under the listings for neurological disorders at 20 C.F.R. part 404, subpart P, appendix 1, section 11.00. (Tr. 22–23.) At step four, the ALJ found Mr. W. had the ability to perform "light work" subject to certain limitations and, therefore, was capable of performing his past work as a distribution manager. (Tr. 23, 29.) At step five,

the ALJ found Mr. W. could also perform other jobs in the national economy given his age, education, work experience, and residual functional capacity. (Tr. 26.)

Mr. W. appealed this decision to the Appeals Council, which declined review. (Tr. 1–3.)

## **ANALYSIS**

The sole issue on appeal is whether the ALJ erred in failing to consider whether Mr. W.'s impairments met or equaled Listing 2.07 at step three of the sequential evaluation. (Pl.'s Opening Brief 14, Doc. No. 27.)

The listings at 20 C.F.R. part 404, subpart P, appendix 1, cover medical conditions so debilitating they warrant an automatic presumption of disability without further consideration of the claimant's residual functional capacity or ability to perform past or other work. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). At step three, a claimant has the "burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To satisfy this burden, a claimant must establish her impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530. "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525. "For a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [she] must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Zebley*, 493 U.S. at 531; *see also* 20 C.F.R. § 416.926 (addressing medical equivalence to listings). If the evidence implicates a

specific listing, the ALJ is required to evaluate whether the claimant meets or equals that listing. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

The ALJ found Mr. W. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 22.) The ALJ specifically discussed Listing 1.04, covering disorders of the spine, and Listing 11.02, covering seizure disorders. (Tr. 22–23.) The ALJ also "considered the claimant's central pontine myelinolysis under the listings for neurological disorders (11.00)." (Tr. 23.) However, the ALJ concluded "the claimant's condition does not meet or medically equal the criteria of these or any of the impairments listed in Appendix 1." (*Id.*)

Mr. W. contends the ALJ erred in failing to consider whether he met or equaled Listing 2.07 based on his neurological condition of central pontine myelinolysis and evidence of hearing loss and vertigo. (Pl.'s Opening Brief 17, 19, Doc. No. 27.) The Commissioner argues the ALJ was not required to consider Listing 2.07 because Mr. W. failed to present evidence of tinnitus or progressive hearing loss as required under this listing. (Def.'s Answer Br. 6, Doc. No. 29.)

Listing 2.07 requires proof of the following:

Disturbance of labyrinthine-vestibular function (including Meniere's disease), characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. With both A and B:

A. Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and

B. Hearing loss established by audiometry.

20 C.F.R. pt. 404, subpt. P, app'x I, § 2.07. Courts in the Tenth Circuit have concluded evidence of tinnitus and progressive hearing loss is required in order to meet this listing. *See Lately v. Colvin*, 560 F. App'x 751, 753 (10th Cir. 2014) (unpublished) (affirming ALJ's determination

6

that a claimant with a vestibular disorder not meet the requirements of Listing 2.07 because the only evidence of tinnitus or hearing loss was the claimant's own description of symptoms); *see also Reeves v. Comm'r, Soc. Sec. Admin.*, 2019 U.S. Dist. LEXIS 62980, at *21-22 (D. Colo. Apr. 11, 2019) (unpublished) (finding the claimant did not meet Listing 2.07, despite her history of vertigo and dizziness, where the record failed to "yield any evidence of tinnitus and progressive hearing loss").

In support of his argument that the ALJ was required to consider his Listing 2.07, Mr. W. points to an audiology test result from September 2018 which was "consistent with a central vestibular dysfunction, vestibular ischemia, or an acoustic hypoxia," and revealed "bilateral mild to severe high frequency hearing loss." (Tr. 567.) Mr. W. also points to his reported symptoms of dizziness, imbalance, and vertigo throughout the medical record. (*See* Tr. 382–83, 386, 389, 550, 567, 581, 600, 617–619, 625, 631, 634–35, 639, 671, 694, 730, 745, 763, 779.)

However, Mr. W. does not identify any evidence of tinnitus or progressive hearing loss in the record. Although one test result showed hearing loss, Mr. W. fails to identify evidence showing such hearing loss was progressing. For instance, Mr. W. did not complain of tinnitus or hearing loss at a neurology appointment in October 2018, only a month after the audiology testing. (Tr. 581-82.) Mr. W. also did not testify about tinnitus or hearing loss before the ALJ; these symptoms were not mentioned by his attorney or anyone else at the hearing. (*See* Tr. 37–63.) Notably, even after the Commissioner identified these deficiencies in his answer brief, Mr. W. did not file a reply to address these issues. (*See* Def.'s Answer Br. 6–9, Doc. No. 29.) Because Mr. W. failed to present evidence relating to all of the required symptoms under Listing 2.07, the ALJ was not required to evaluate whether Mr. W. met this listing.

Mr. W. also suggests, in conclusory fashion, that his impairments medically equaled Listing 2.07, even if he did not meet the listing. However, he does not explain how his impairments were equal in severity to all of the criteria for Listing 2.07, including tinnitus and progressive hearing loss. *See Zebley*, 493 U.S. at 531 (requiring a claimant to "present medical findings equal in severity to *all* the criteria" for the most similar listing). Therefore, the ALJ did not err in failing to address whether Mr. W.'s impairments medically equaled this listing.

In sum, Mr. W. fails to identify evidence in the record showing his impairments met or medically equaled the criteria for Listing 2.07. Because Mr. W. did not present evidence sufficient to implicate Listing 2.07, the ALJ did not err in failing to evaluate this listing.

## CONCLUSION

For the reasons set forth above, the court AFFIRMS the Commissioner's decision.

DATED this 22nd day of February, 2021.

BY THE COURT:

*[signature: Daphne A. Oberg]*

Daphne A. Oberg
United States Magistrate Judge